UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT ELDRIDGE,**

      **Plaintiff,**

                                Case No.:

**v.**

**OS RESTAURANT SERVICES, LLC**
**a/k/a OUTBACK STEAKHOUSE OF FLORIDA**
**LLC,**

      **Defendant.**
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441(a) and 1446, Defendant OS RESTAURANT SERVICES, LLC ("OSRS"), gives notice of removal of the above-styled action filed by Plaintiff, ROBERT ELDRIDGE ("Eldridge"), from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, to this Court. As grounds, OSRS states:

1. On or about March 2, 2017, Eldridge filed a Complaint against OSRS in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. A copy of the Complaint is attached hereto as Exhibit A. The Clerk of that Court assigned this action Case Number 17-001350-CI.

2. Eldridge served OSRS with the Complaint on March 7, 2017. OSRS now removes this action to federal court because under the well-pleaded complaint rule, Eldridge's Complaint raises a federal question and, therefore, is amenable to removal. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Indeed, in Count V of Eldridge's Complaint, Eldridge alleges that OSRS violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., by purportedly failing to "compensate [Eldridge] the applicable overtime wage for all hours worked in excess of forty (40) per week."

Complaint at ¶ 86. Eldridge further complains that OSRS allegedly continues to violate the FLSA by purportedly intentionally manipulating his time records. Complaint at ¶ 87. It is clear from the face of Eldridge's Complaint that Eldridge pleads a cause of action that arises under federal law.

3. Additionally, in his prayer for relief, Eldridge seeks a declaration "that Defendant has willfully violated the overtime provisions of the FLSA." See Complaint. Eldridge also seeks to collect "all unpaid wages," which would include unpaid wages to which Eldridge alleges he is entitled in Count V. See id. The question of whether or not Eldridge would be entitled to any such relief also arises under federal law.

4. The law is well-established that, while an action under the FLSA may be maintained in a state court of competent jurisdiction, nothing within §216(b) prohibits the removal of such an action to federal court under §1441(a). Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).

5. This Court has original jurisdiction over actions brought under the FLSA because they arise under federal law. Therefore, removal of this action is proper under 28 U.S.C. § 1441.

6. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Eldridge's remaining claims, which are brought under the Florida Minimum Wage Act and the Florida Constitution. Moreover, because all of Eldridge's claims, both state and federal, involve the same common nucleus of operative facts and transactions, all claims should be adjudicated together before this Court.

7. The removal of this action is timely in that it is made within the 30-day period provided in 28 U.S.C. § 1446(b).

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), §1441(a), and Rule 1.02 of the Local Rules for the Middle District of Florida because the Middle District of Florida encompasses Pinellas County, the county in which the alleged claims arose and where OSRS's principal place of business is located.

9. OSRS has provided written notice of the removal to Eldridge, and has filed a Notice of Filing Notice of Removal in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

10. Along with this Notice of Removal, OSRS has filed all pleadings that have previously been filed with the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

WHEREFORE, OS RESTAURANT SERVICES, LLC, respectfully requests that the above-styled action be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Respectfully submitted this 6th day of April, 2017.

Respectfully submitted,

/s/ Kevin D. Johnson
Kevin D. Johnson
Lead Trial Counsel
Florida Bar No. 0013749
LaKisha M. Kinsey-Sallis
Florida Bar No. 78265
Thompson, Sizemore, Gonzalez & Hearing, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
P.O. Box 639
Tampa, FL 33601
Telephone (813) 273-0050
Facsimile (813) 273-0072
Email: kjohnson@tsghlaw.com
　　　　lkinseysallis@tsghlaw.com
*Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email on this 6th day of April, 2017 to the following:

    Kevin E. Vorhis
    Cohen Grossman
    350 North Lake Destiny Road
    Maitland, Florida 32751
    Email: kvorhis@itsaboutjustice.law
           tiina@itsaboutjustice.law

                                    /s/ Kevin D. Johnson
                                    Attorney