UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ELDRIDGE,

    Plaintiff,

v.                                    CASE NO: 8:17-CV-798-T-30TGW

OS RESTAURANT SERVICES, LLC
A/K/A OUTBACK STEAKHOUSE OF FLORIDA
LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts I and II (Dkt. 6) and Plaintiff's Response in Opposition (Dkt. 8). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is an action for unpaid wages under Florida and Federal law. During the relevant time, Defendant OS Restaurant Services, LLC ("OSRS") employed Plaintiff Robert Eldridge as a server and bartender at an Outback Steakhouse restaurant located in St. Petersburg, Florida. OSRS classified Eldridge as a tipped employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and paid him the subminimum wage that Florida law permits an employer to pay a tipped employee.

In Counts I and II of his complaint, which are the claims at issue in OSRS' motion to dismiss, Eldridge alleges that OSRS violated the Florida Minimum Wage Act ("FMWA") (Count I) and the Florida Constitution Article X § 24 (Count II) by unlawfully applying the tip credit against the minimum wage rate paid to him for "side work" tasks in excess of twenty percent of his total working time. Eldridge describes the side work tasks as those tasks that related to the tipped occupation but were not, standing alone, directed toward producing tips. Specifically, the complaint lists these tasks as follows:

    a.    Bar set up assignments: Stocking and icing milk and cream; Stocking coffee, tea, bottled drinks; Brewing coffee and tea; Stocking glasses, straws, napkins, coffee cups and saucers; Cutting lemons, limes, and bar fruit; Putting garnishes on ice such as lemons and limes; Cleaning, adjusting, and connecting beer kegs; Replacing empty CO2 tanks with back-up canisters; Replacing syrup containers for soda machines; Cleaning soda dispenser nozzles; Washing dirty glassware behind bar; Polishing glassware; Setting up or putting away bar mats; Performing inventory checks or "facing" bottles.

    b.    Table set up, break down, and cleaning projects: Cleaning and wiping the wait station; Cleaning and wiping table tops; Cleaning and wiping chairs and booths; Cleaning and wiping menus; Aligning and straightening chairs; Taking down or putting up chairs; Setting tables - silverware, plates, glassware, napkins, caddies; Stocking sugar, sweeteners; Refilling salt and pepper; Cleaning condiment holders; Stocking or filling ketchup or table sauces; Rolling silverware; Polishing silverware, organizing, or moving silverware to front of house.

    c.    Maintenance and janitorial undertakings: Placing trash cans in designated areas; Checking restrooms for cleanliness and supplies; Wiping water from sinks in restrooms; Dusting lamps, shelves, or picture frames in dining room; Performing general cleaning; Stocking printer paper, when back-up rolls were needed; Checking entry and wait area floors, and cleaning if

>> necessary; Checking floors and sweeping and mopping if necessary; Washing dishes.
> d. Undesignated skeleton crew duties to maintain restaurant performance to save the defendant on overhead and labor costs.

(Dkt. 2 at ¶¶ 25, 43). Eldridge claims that OSRS should have compensated him the full minimum wage for the time he spent performing more than twenty percent of his time on these non-tipped tasks.

OSRS' motion to dismiss argues that the Court should reject the Department of Labor's ("DOL") twenty percent rule. OSRS urges the Court to ignore nearly every case that has decided this issue. Indeed, although the Eleventh Circuit has not yet addressed the twenty percent rule, the Eighth Circuit and numerous district courts, including the Honorable Susan C. Bucklew in this district, have applied the twenty percent rule. The Court agrees with this majority view and will therefore deny OSRS' motion.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading

as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## **DISCUSSION**

### I.     The Applicability of a Tip Credit

Employers are required to "pay [e]mployees [w]ages no less than the [m]inimum [w]age for all hours worked in Florida." Fla. Const. Art. 10 § 24(c). The FMWA implements Article 10 Section 24 of the Florida Constitution and provides a cause of action for violations of the act. Fla. Stat. § 448.110. A tipped employee is an "employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). An employer of a tipped employee may pay a reduced minimum wage as long as the difference between the current minimum wage rate and the reduced rate paid by the employer is made up by the tipped employee's actual tips. 29 U.S.C. § 203(m). A "tip credit" is the difference between the minimum wage and the amount paid to a tipped employee. *See Crate v. Q's Rest. Grp. LLC*, No. 8:13-cv-2549-T24-EAJ, 2014 WL 10556347, at *2 (M.D. Fla. May 2, 2014).

Under Florida law, "[f]or tipped [e]mployees meeting eligibility requirements for the tip credit under the FLSA, [e]mployers may credit towards satisfaction of the [m]inimum [w]age tips up to the amount of the allowable FLSA tip credit in 2003." Fla. Const. Art. 10 § 24(c). Where an employee is engaged in two occupations, one of which is tipped and one of which is not, the employer may not take a tip credit for the hours the employee worked in

the non-tipped occupation. 29 C.F.R. § 531.56(e). In contrast, "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses" is still subject to a tip credit. *Id.* In interpreting this regulation, the 1988 Department of Labor Field Operations Handbook states that employees who spend more than twenty percent of their time performing general preparation work or maintenance are not subject to a tip credit for the time spent performing those duties. DOL, Field Operations Handbook Ch. 30d00(e) (Dec. 9, 1988) (stating that: "where the facts indicate . . . that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.").

## II.     OSRS' Motion to Dismiss

OSRS argues that the DOL's twenty percent rule is not binding authority. But, as the Honorable Susan C. Bucklew noted in *Crate*, the twenty percent rule is highly persuasive authority because it clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) "by delineating how much time a tipped employee can engage in related, non-tip-producing activity before such time must be compensated directly by the employer at the full minimum wage rate." 2014 WL 10556347, at *4. Notably, the Eighth Circuit has upheld the handbook elaboration as a "reasonable interpretation of the regulation" and multiple district courts within the Eleventh Circuit have agreed. *See, e.g., Fast v. Applebee's Int'l., Inc.*, 638 F.3d 872, 877, 880 (8th Cir. 2011); *Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1367 (S.D.

Fla. 2009); *Ide v. Neighborhood Rest. Partners, LLC*, No. 1:13-cv-509-MHC, 2015 WL 11899143, at *6 (N.D. Ga. Mar. 26, 2015); *Crate*, 2014 WL 10556347, at *3; *Holder v. MJDE Venture, LLC*, 1:08-cv-2218-TWT, 2009 WL 4641757, at *3 (N.D. Ga. Dec. 1, 2009).

In *Fast*, the Eighth Circuit aptly noted:

> We believe that the DOL's interpretation contained in the Handbook—which concludes that employees who spend "substantial time" (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time without the tip credit—is a reasonable interpretation of the regulation.... The regulation places a temporal limit on the amount of related nontipped work an employee can do and still be considered to be performing a tipped occupation. The DOL has used a 20 percent threshold to delineate the line between substantial and nonsubstantial work in various contexts within the FLSA.... The 20 percent threshold used by the DOL in its Handbook is not inconsistent with § 531.56(e) and is a reasonable interpretation of the terms "part of [the] time" and "occasionally" used in that regulation.

638 F.3d at 880-81. The Court agrees with the Eighth Circuit's analysis in *Fast* and declines OSRS' invitation to reject the DOL's twenty percent rule. *See also Goodson v. OS Rest. Servs., LLC*, No. 5:17-CV-10-OC-37PRL, 2017 WL 1957079, at *4 (M.D. Fla. May 11, 2017) (stating that: "The Fast Court's analysis of the 20% Rule has rarely been criticized. Rather, it has been relied on and cited favorably by courts across the country" and listing cases applying *Fast* at footnotes 14 and 15).

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Dismiss Counts I and II (Dkt. 6) is denied.

2. Defendant shall file its answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record