# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (herein "Release") is made and entered into by and between ROBERT ELDRIDGE (herein "Employee") and OS RESTAURANT SERVICES, LLC (herein "Employer") (collectively herein "Parties"). Employee was previously employed by Employer. The Parties desire to settle the claims brought by Employee against Employer for alleged unpaid wages in the County Court of Orange County, Florida (and removed to the United States District Court for the Middle District of Florida), under the caption Robert Eldridge v. OS Restaurant Services, LLC, Case No. 8:17-cv-00798-JSM-TGW (herein "Litigation"). Accordingly, in consideration of the mutual promises set forth below, Employee and Employer agree as follows:

1.  The Litigation involves contested issues of fact and law and Employee now wishes to fully and finally compromise and settle his claims against Employer in the Litigation.

2.  In entering into this settlement, both Parties acknowledge that they have had the opportunity to conduct certain discovery or otherwise investigate their claims and defenses in this matter and to assess their relative likelihood of success on the merits, and believe that, based on that assessment and the relevant facts and circumstances of the case, the compromise reached between them is a fair resolution of the contested issues of fact and law in this case.

3.  The Parties further acknowledge that all payments referenced in this Release are intended to fully and finally resolve any and all matters between Employer and Employee on terms that are mutually agreeable.

4.  By entering into this Release, Employer does not admit to any underlying liability or to any underlying liability of its directors, officers, partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, related entities (including, but not limited to, Outback Steakhouse of Florida, LLC, OSI Restaurant Partners, LLC, and Bloomin' Brands, Inc.), parents, and insurers to Employer. Employer simply wishes to fully and finally resolve Employee's pending claims in the Litigation to avoid the distraction and cost of litigation.

5.  Employer promises and obligates itself to perform the following covenants in return for the promises and performance undertaken by the Employee as set out in this Release:

    a.) Employer shall provide Employee with a payment in the gross amount of $5,222.65 (herein "Settlement Amount") divided as follows:

      i) a check to Employee in the amount of $1,200.00 (less all applicable withholdings) in compromise of all of Employee's disputed claims for unpaid wages;

      ii) a check to Employee in the amount of $1,200.00 in compromise of Employee's disputed claim for liquidated damages;

Employee's Initials: 

Page 1 of 7

        iii)    a check to Employee in the amount of $100.00 as additional consideration for Employee's agreement to forego any and all claims that may exist as of the date of Employee's signature on this Release as set forth in paragraph 6 below; and

        iv)    a check to Cohen Law Group (Tax ID #_____) in the amount of $2,722.65 as consideration for Employee's disputed claim for attorneys' fees and costs incurred in connection with the claims made in the Litigation.

    b.)    The sums described above shall be delivered to Cohen Law Group, 350 North Lake Destiny Road, Maitland, FL 32751, within ten business days after the later of the following two events:

        i)    Employer receives the original (not a copy) of this Release executed by the Employee along with a completed (current) W-9 for Cohen Law Group and for Plaintiff and the Court's approval of this this Release; or

        ii)    The U.S. District Court for the Middle District of Florida issues an order that specifically approves this Release or dismisses the case.

    c.)    Employer will issue an IRS Form W-2 for the wage payment described in paragraph 5(a)(i) above. Employer shall issue an IRS Form 1099 for the remaining payments described in paragraph 5 above and Employee agrees to provide a W-9 for said remaining payments and that no payments under paragraph 5 shall be made until such tax documents are received by the Employer.

    d.)    Employer shall comply with all other terms of this Release as provided for herein.

6.    Employee promises and obligates himself to perform the following covenants under this Release:

    a.)    Acting for himself, his heirs, personal representatives, administrators and anyone claiming by or through him, Employee unconditionally and irrevocably releases, acquits and discharges Employer and its Releasees from any and all claims, whether known or unknown, that Employee may have against Employer or its Releasees arising out of his employment relationship with Employer and having accrued as of the date of this Release, or that any person or entity claiming through Employee may have or claim to have against Employer or its Releasees. Employee agrees that he has received additional consideration for the general release and that prior to accepting the consideration he evaluated said claims sought to be released.

        i)    The phrase "Employer" shall mean OS Restaurant Services, LLC. The



"Releasees" of Employer shall include its related entities (including, but not limited to, Outback Steakhouse of Florida, LLC, OSI Restaurant Partners, LLC, and Bloomin' Brands, Inc.), as well as the persons or entities who have any of the following past or present relationships to Employer or any of its related entities: directors, officers, joint venture partners, managing partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents and insurers.

ii) The term "Claims" shall include lawsuits, causes of action, obligations, promises, agreements, controversies, damages, debts, demands, liabilities, and losses of every kind (including third-party claims for indemnity or contribution against Employer or its Releasees). The term "Claims" shall be interpreted broadly so as to release Employer and its Releasees from any and all obligations, duties, estoppels, claims, or torts arising out of or related to Employee's employment with Employer.

(A) By signing this Release, Employee specifically waives and releases claims arising under or subject to enforcement by means of the following statutes:
1. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq., as amended);
2. the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq., as amended);
3. the Family Medical Leave Act of 1993 (29 U.S.C. § 2601, et seq., as amended);
4. the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, et seq., as amended);
5. the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq., as amended);
6. 42 U.S.C. §§ 1981, 1983 and/or 1985;
7. the continuation coverage provisions of the Consolidated Omnibus Budget Reconciliation Act of 1986 (29 U.S.C. § 623 et seq., as amended);
8. the Florida Minimum Wage Act;
9. the Florida Civil Rights Act;
10. the Florida Constitution; and
11. any and all other state or federal laws dealing with discrimination, retaliation, whistleblowing, compensation (excluding workers' compensation claims), leave, accommodation, contracts, or any other terms and conditions of employment.

(B) By signing this Release, Employee specifically waives and releases claims arising under contract, common law, or any other source for any of the following wrongs:

Employee's Initials: 

Page 3 of 7

1. unpaid wages;
2. unpaid commissions;
3. breach of contract;
4. interference with contractual relationship;
5. wrongful termination;
6. retaliation;
7. intentional infliction of emotional distress;
8. negligence of any type, including but not limited to, negligent infliction of emotional distress, negligent hiring, negligent supervision, or negligent retention;
9. wrongful discharge in violation of public policy;
10. invasion of privacy;
11. defamation;
12. slander;
13. assault;
14. battery;
15. fraud;
16. fraudulent or wrongful inducement;
17. misrepresentation; and
18. any other obligations, duties, estoppels, claims, or torts arising out of or related to any employment or contractual relationship (excluding workers' compensation claims or obligations).

(C) The term "Claims" shall include injuries or damage of any nature, regardless of whether such injuries or damage arise from accident, illness, occupational disease, negligence, intentional act, or some other origin.

(D) The term "Claims" specifically includes third-party claims for indemnity or contribution against Employer or its Releasees.

(E) The term "Claims" shall be construed to include any and all Claims meeting the definitions in this subparagraph without regard to whether those Claims are asserted or unasserted, known or unknown, ripe or unripe, direct or indirect, conditional or unconditional.

(F) The term "Claims" includes not only claims for damages and other legal remedies but also claims for injunctive relief and any other equitable remedies.

b.) Employee waives and relinquishes any rights that he may have to claim reimbursement from Employer and its Releasees for attorneys' fees, litigation costs or expenses that he may have incurred in the course of obtaining legal advice on any matter related to Employer.



c.) Employee agrees to cooperate in the filing of a joint motion seeking court approval of this Release and dismissal with prejudice of the claims Employee has filed against the Employer in the Litigation. Employee agrees to cooperate with Employer in filing any materials that the Court may deem necessary to review or approve the Parties' settlement and this Release.

d.) Employee represents that, other than the Litigation, he has not filed with any court, government agency or other tribunal any pending action, charge, complaint, grievance or arbitration against Employer or any of the Releasees. Employee further agrees not to bring any claims, charges, complaints or grievances against Employer or the Releasees and that in the event any such action, charge, complaint, grievance or arbitration is filed on his behalf against Employer or any of the Releasees, he will immediately take all steps necessary to have such action, complaint, grievance or arbitration withdrawn or discontinued with prejudice.

e.) Employee agrees that he will not seek, apply for, or accept reemployment or reinstatement with Employer at any Carrabba's Italian Grill, Bonefish Grill, Fleming's Prime Steakhouse & Wine Bar, or Outback Steakhouse restaurant concept at any time after the execution of this Release. Employee agrees that if he violates the provisions of this subparagraph, Employer shall have the absolute right to immediately terminate his employment.

f.) Employee shall comply with all other terms of this Release as provided for herein.

7. Employee agrees that each of the following statements is truthful and accurate:

   a.) Employee is of sound mind and body.

   b.) Employee has sufficient education and experience to make choices for himself that may affect his legal rights.

   c.) Employee has full legal capacity to make decisions for himself.

   d.) Employee is aware that this Release has significant legal consequences.

   e.) Employee has consulted with an attorney of his choice prior to signing this Release and has determined that this settlement is a fair resolution of his claims in this Litigation.

   f.) Employee has decided to sign this Release of his own free will, and his decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

   g.) Employee is not executing this Release because of any duress or coercion imposed on him by anyone.



8. Employee represents that he has not sold, transferred, or assigned to a third party any claims that he may have. Employee represents that any claims that he may have are unencumbered and otherwise within his power to dispose of. Employee represents that he does not have any other pending lawsuits, claims, or actions against Employer other than the claims brought in the Litigation or referenced herein.

9. Employee agrees that any and all prior understandings or agreements between Employee and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. Notwithstanding this provision, this Release shall not in any way diminish any obligation, duty or undertaking owed by the Employee to Employer because of any other contract or agreement or law. The rights and releases given to Employer in this Release will be in addition to, and not in place of, any and all other rights held by Employer by virtue of any other contract, agreement or undertaking, and to that extent, the obligations of the Employee survive the execution of this Release.

10. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

11. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release before a state court of competent jurisdiction located in Hillsborough County, Florida or federal court of competent jurisdiction located in Hillsborough County, Florida, and that those state and federal courts shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Release. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release.

12. At the conclusion of any litigation or dispute arising out of or related to this Release, the prevailing party shall be entitled to recover any damages that are reasonably related to the breach of the Release including such attorneys' fees and courts costs that may have been incurred. In the event that the provisions of this Release are breached, the non-breaching party may seek damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release.

13. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

14. Should any provision of this Release be declared or be determined by any court to be



illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

15. The Parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS AGREEMENT INCLUDES A GENERAL RELEASE OF CLAIMS.**

Executed at Pinellas Park this 4th day of December, 2017.

_____    _____
WITNESS                             ROBERT ELDRIDGE

Executed at Hillsborough this 13th day of December, 2017.
         place                    date              month

                                    OS RESTAURANT SERVICES, LLC
_____    By: _____
WITNESS
                                    Title: VP

Employee's Initials: RE